IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT ANDERSON,                          :
    Petitioner                           :    No. 1:21-cv-00825
                                         :
    v.                                   :    (Judge Kane)
                                         :
CHAD WAKEFIELD, et al.,                  :
    Respondents                          :

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254 in which Petitioner Scott Anderson ("Anderson") challenges his 1995 conviction for second-degree murder in the Cumberland County Court of Common Pleas. The Court will deny the petition with prejudice as untimely.

**I.   BACKGROUND**

On August 19, 1994, Anderson and another individual, Seifullah Abdul-Salaam ("Abdul-Salaam") entered a coin shop in New Cumberland, Pennsylvania. See Commonwealth v. Anderson, No. 879 Harrisburg 1995 (Pa. Super. May 9, 1997), (Doc. No. 1-2 at 2). Abdul-Salaam brandished a handgun and he and Anderson subsequently kicked and bound the store owner, asked him for money, and threatened to shoot him if he did not comply. (Id.)

Anderson and Abdul-Salaam exited the store separately. (Id.) Anderson was confronted by New Cumberland police officer Willis Cole ("Cole"), who ordered him to stop and relinquish his gun. (Id.) Anderson complied with the order. (Id.) As Cole was handcuffing Anderson to arrest him, Abdul-Salaam returned to the scene and shot Cole in the chest, killing him. (Id.) Anderson and Abdul-Salaam fled by car but were subsequently apprehended in Harrisburg, Pennsylvania. (Id.) Anderson was charged and convicted of second-degree murder, robbery, and criminal conspiracy as a result of the incident and was sentenced to life in prison as a result

of the second-degree murder conviction. (Id. at 1.) Abdul-Salaam was tried separately and convicted of first-degree murder, for which he was sentenced to death. (Id.) Anderson appealed to the Pennsylvania Superior Court, which vacated the sentence imposed with respect to Anderson's robbery conviction but otherwise affirmed on May 9, 1997. (Id. at 5.) Anderson filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on November 20, 1997. See Commonwealth v. Anderson, No. 1803 Harrisburg 1998 (Pa. Super. Aug. 24, 1999), (Doc. No. 11-5 at 2). He did not petition for a writ of certiorari from the United States Supreme Court.

Anderson filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on March 26, 1998. (Id.) The Court of Common Pleas denied the petition on October 3, 1998. (Doc. No. 1 at 4.) Anderson appealed, and the Superior Court affirmed on November 24, 1999. See Commonwealth v. Anderson, No. 1803 Harrisburg 1998 (Pa. Super. Nov. 24, 1999). Anderson petitioned for allowance of appeal to the Pennsylvania Supreme Court, but his petition was denied on April 4, 2000.

Anderson filed the instant petition on April 28, 2021, and the Court received and docketed the petition on May 6, 2021. (Doc. No. 1 at 15.) Anderson's petition raises only one claim for habeas corpus relief: that he is actually innocent of second-degree murder because the shooting of Cole occurred after he was in police custody and the commission of the robbery had ended. (Id. at 6.) Respondents responded to the petition on August 24, 2021. (Doc. No. 11.) Respondents argue that Anderson's petition should be denied as untimely because he has not presented any new evidence to support his actual innocence claim. (Id. at 2.) Anderson filed a reply brief in support of his petition on October 14, 2021, making the petition ripe for review. (Doc. No. 12.)

## II.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for habeas corpus petitions brought under 28 U.S.C. § 2254.  See 28 U.S.C. § 2244(d)(1).  The limitations period begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id.  The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court.  See id. § 2244(d)(2).  The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner.  See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

In this case, Anderson concedes that his petition is "patently untimely" but seeks to excuse the untimeliness by advancing a claim of actual innocence.  (Doc. No. 1 at 14.)  The Court agrees that the petition is untimely.  Under Section 2244, Anderson had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254.  See

28 U.S.C. § 2244(d)(1)(A).[1]  Anderson's conviction became final on February 18, 1998, the deadline for him to petition for a writ of certiorari from the United States Supreme Court.

The limitations period for Anderson's petition was statutorily tolled pursuant to 28 U.S.C. § 2244(d)(2) beginning on March 26, 1998, the date on which he filed a petition for state collateral relief under the PCRA.  (Doc. No. 11-5 at 2).  At that point, 36 days had elapsed towards the end of the limitations period.  Statutory tolling of the limitations period ended on April 4, 2000 when the Pennsylvania Supreme Court denied Anderson's petition for allowance of appeal with respect to his PCRA petition.  In light of the 36 days that had already elapsed towards the end of the limitations period, Anderson needed to file his petition within 329 days of April 4, 2000, or no later than February 27, 2001, for it to be timely under Section 2244(d)(1).  His petition, which was not filed until April 28, 2021, is thus untimely by over twenty years.

Anderson seeks to excuse the untimeliness of his petition by invoking the actual innocence exception.  (Doc. No. 1 at 14.)  Respondents argue that Anderson's actual innocence claim cannot excuse the untimeliness of the petition because he has not provided any new evidence of his innocence.  (Doc. No. 11 at 2.)

Respondents are correct.  Although credible claims of actual innocence may serve as an exception to AEDPA's one-year statute of limitations, see McQuiggin, 569 U.S. at 386, a petitioner invoking the actual innocence exception must "(1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (i.e., a reasonable juror would have

---

[1] Section 2244(d)(1) provides for other triggering events of the one-year limitations period, but none apply here.  See 28 U.S.C. § 2244(d)(1)(B)-(D).

reasonable doubt about his guilt) in light of the new evidence," see Wallace v. Mahanoy, 2 F.4th 133, 151 (3d Cir. 2021) (citing Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018)).

Here, Anderson does not offer any new evidence of his innocence. Rather, his argument is that he is actually innocent of second-degree murder because the shooting of Cole occurred after he was already in custody and thus after the commission of the underlying robbery had ended. (Doc. No. 1 at 6.) The timing of when Cole was shot is not new evidence; it was known to Anderson both before and during his trial. See Wallace, 2 F.4th at 152-53 (finding that evidence on which petitioner based actual innocence argument was not new where it had been available to petitioner at the time of trial). Thus, Anderson's actual innocence argument cannot overcome the untimeliness of his petition. See id. at 151.

Anderson is also not entitled to equitable tolling. The equitable tolling doctrine allows a court to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace, 544 U.S. at 418). The petitioner bears the burden of showing that he is entitled to equitable tolling. See Pace, 544 U.S. at 418. Anderson has not advanced any argument for equitable tolling, and accordingly has not met his burden. Thus, the Court concludes that Anderson's petition is untimely and that he is not entitled to relief under the actual innocence exception or the equitable tolling doctrine.

### III. CONCLUSION

For the foregoing reasons, Anderson's petition for writ of habeas corpus will be denied with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.